IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENRIQUE MALDONADO, ) | |
| ID # 07094055, ) | |
|     Petitioner, ) | |
| ) | No. 3:09-CV-0252-K (BH) |
| vs. ) | |
| ) | Referred to U.S. Magistrate Judge |
| LUPE VALDEZ, Sheriff, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

This is a petition for habeas corpus relief filed by a pretrial detainee to challenge his pre-trial detention in the Dallas County Jail in Cause Nos. F-0773405, F-0760802, F-0760803, F-0811902, F-0871056, F-0871055. Petitioner names Sheriff Lupe Valdez as respondent.

**II. EXHAUSTION**

Petitioner seeks habeas relief from his pretrial detention for an alleged speedy trial violation. Section 2241 of Title 28 of the United States Code is the proper vehicle for such habeas action. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Lewis v. Bowles*, No. 3:01-CV-0049-M, 2002 WL 307442, at *1 (N.D. Tex. Feb. 21, 2002) (accepting recommendation of Mag. J.). However, "to be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Based upon the instant federal petition, petitioner is in custody but has not exhausted his state

remedies.

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993). In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, No. 4:02-CV-790-Y, 2002 WL 31495972, at *3 n.2 (N.D. Tex. Nov. 5, 2002) (adopting recommendation of Mag. J.). Although Texas provides available avenues to challenge pretrial detention, *see Montes*, 2002 WL 31495972, at *3 n.2 (noting that Tex. Code Crim. Proc. Ann. articles 11.08 and 11.09 provide a state habeas process for challenging pretrial detention of felony and misdemeanor charges); *Lewis*, 2002 WL 307442, at *2 (noting that a petition for writ of mandamus is an available state remedy to secure a speedy trial), petitioner has pursued no relief in state court related to the matters raised in the instant action, (Pet. at 6-8).

By not pursuing relief through the state system, petitioner has not exhausted his state remedies. A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper

function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 10th day of February, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE